## Hoyt, Appellant, v. Shenango Valley Steel Company.

*Corporations—Stockholders—Increase of stock—Right of stockholder to share of increase.*

A bill in equity to restrain the directors of a corporation from appropriating to themselves certain shares of the increase of the capital stock of the corporation, and for a decree that such shares be issued to the complainant, will be dismissed where it appears that the complainant had refused and declined to take any of the increased capital stock for his own use, which fact was known to the defendants, and that he never demanded or asked for any of the increased stock until after it had been disposed of by the board of directors.

Argued Oct. 19, 1903. Appeal, No. 46, Oct. T., 1903, by plaintiff, from decree of C. P. Lawrence Co., dismissing bill in equity in case of L. S. Hoyt v. Shenango Valley Steel Company, William E. Reis, William Patterson, John Stevenson, Jr., George B. Berger and James McLane. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for an injunction.

The opinion of the Supreme Court states the case.

*Error assigned* was decree dismissing the bill.

*C. H. Akens*, and *B. A. Winternitz*, for appellant.

*Richard F. Dana*, with him *D. B. Kurtz, S. W. Dana, S. D. Long* and *James J. Igoe*, for appellees.

PER CURIAM, November 9, 1903:

The learned judge below found as facts, that after January 20, 1898, when plaintiff in response to the notification of the increase of the capital stock and his right to subscribe, did subscribe, by letter for 150 shares, he made no further demand for additional shares until July, 1898, prior to which all the proposed increase had been subscribed for by stockholders, or sold for full value to others.

Further, that " the financial condition of the company shortly before and at the time of the disposition of the 1,757 shares, required the disposal of the whole of said 1,757 shares. The evidence shows that the directors had used all proper means to dispose of the same before they themselves subscribed therefor, not only soliciting stockholders of the company but persons not stockholders to subscribe for stock. From January 17, to April 2, 4,917 shares were disposed of to nonstockholders. The manner of the division of the 1,757 shares among the five directors negatives any presumption of intention on the part of the directors of doing any wrong or injury to the other stockholders."

Further, that " all of the increased capital stock of $1,500,000, either sold by the directors or subscribed for by them, including the 1,757 shares subscribed for and allotted early in July, 1898, was disposed of and taken at its full value at the time it was so sold and taken."

Upon these facts he found as conclusions of law:

" 1. The evidence showing that the plaintiff, L. S. Hoyt, was personally solicited by two of the defendants, viz : W. E. Reis and John Stevenson, Jr., to subscribe for and take stock of the increased capital stock and he declining to do so, and having in response to the circular letter subscribed for 150 shares for M. H. Henderson, and not for himself, and this fact being known to the directors, they were not required to again solicit him to take additional stock.

· " 2. The plaintiff, L. S. Hoyt, having refused and declined to take any of the increased capital stock for his own use, which fact was known to the defendants, and never having demanded or asked for any of the increased stock until after it had been disposed of by the board of directors, cannot maintain his bill in this case."

On these findings the bill was properly dismissed.

Decree affirmed with costs.